IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Robert Lee Green, ) | C/A NO. 9:07-0028-CMC-GCK |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Anthony Padula, Warden of Lee Correctional ) | |
| Institution, Margaret Bell, Ass. Warden of LCI, ) | |
| Mark Price, Major of LCI, Donald Keeney, Captain ) | |
| of LCI, Ms. Sellers-McCormick, ) | |
| Disciplinary Hearing Officer of LCI, ) | |
| Ms. D. Mitchell, Inmate Grievance Coordinator ) | |
| of LCI, W. Brinson, Lieutenent [sic], of LCI, ) | |
| and John Doe, officer at holding cell, at LCI, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint asserting claims pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge George C. Kosko for pre-trial proceedings and a Report and Recommendation. On March 5, 2007, the Magistrate Judge issued a Report recommending that Defendants' motion to dismiss be denied. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Defendants filed objections to the Report on March 6, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Plaintiff seeks compensatory damages from Defendants Price, Keeney, Brinson and "John Doe" for "personal humiliation and mental anguish." Complaint at 13 (Dkt. # 1, filed Jan. 4, 2007). Plaintiff also seeks punitive damages against Defendant Price, Keeney, Brinson, "John Doe," Padula, Bell, Sellers-McCormick, and Mitchell. Plaintiff seeks the removal of Defendants Price, Keeney, and Brinson from their positions with the South Carolina Department of Corrections. Plaintiff's last claim for relief seeks that "whatever the . . . [c]ourt grant[s] in this relief to be just and fair as it may appear on behalf of the [P]laintiff is entitled." Complaint at 14. Because Plaintiff's complaint must be liberally construed, the court interprets this last sentence to be a request for nominal damages. *See Mitchell v. Horn*, 318 F.3d 523, 533 n.8 (3d Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(e) "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See Alexander v. Tippah County, Miss.*, 351 F.3d 626 (5th Cir. 2003) (§1997e(e) precludes recovery for emotional and mental injuries arising from conditions of confinement without a physical injury); *see also Counts v. Newhart*, 951 F.Supp. 579 (E.D.Va. 1996) (Eighth Amendment claims of overcrowding and inadequate medical treatment without evidence of injury could be dismissed at the outset under § 1997e(e)).[1] Consequently,

---

[1] The Fourth Circuit has noted in an unpublished opinion that § 1997e(e) "bars suits by prisoners absent a showing of physical injury." *Evans v. Welch*, 213 F.3d 631 (4th Cir. 2000) (unpublished). *See also Perkins v. Dewberry*, 139 Fed. Appx. 599 (4th Cir. 2005) (unpublished)

Plaintiff is not entitled to the recovery of compensatory damages, as he has failed to allege any "prior" physical injury.

As to punitive damages, several circuits have determined that § 1997e(e) does not, in most cases, preclude recovery of punitive damages. *See Royal v. Kautzky*, 375 F.3d 720 (8th Cir. 2004); *Searles v. Van Bebber*, 251 F.3d 869 (10th Cir. 2001); *Allah v. Al-Hafeez*, 226 F.3d 247 (3d Cir. 2000). Other circuits have found, however, that when punitive damages are claimed for emotional or mental injuries, such is precluded by § 1997e(e). *See Davis v. District of Columbia*, 158 F.3d 1342, 1348 (D.C. Cir. 1998) (finding that "much if not all of Congress's evident intent would be thwarted if prisoners could surmount § 1997e(e) simply by adding a claim for punitive damages and an assertion that defendant acted maliciously."). The Fourth Circuit has not issued a published opinion on this issue.[2]

The court finds itself in agreement with the language of *Allah v. Al-Hafeez*, finding that "to the extent that [Plaintiff's] punitive damages claims stem solely from the violation of his [constitutional] rights, and not from any emotional or mental distress suffered therefrom, those claims are not claims brought 'for mental or emotional injury suffered' and are not barred by § 1997e(e)." *Allah v. Al-Hafeez*, 226 F.3d 247, 252 (3d Cir. 2000).

---

("While the district court did not address [Plaintiff's] mental anguish claim, this claim is meritless because de minimis physical injuries cannot support a claim for mental or emotional injury.").

[2]The Fourth Circuit has used less than precise language in the few opinions this court could find which have any language addressing § 1997e(e). *See*, *e.g.*, *Mayfield v. Fleming*, 32 Fed.Appx. 116 (4th Cir. 2002) (unpublished) ("Further, the district court correctly concluded that [Plaintiff's] claim for money damages is barred because he can show no physical injury.").

Plaintiff's "request" for nominal damages also does not appear to be precluded by 42 U.S.C. § 1997(e). The Second, Third, Seventh, Ninth, Tenth, and Eleventh Circuits have determined that § 1997e(e) does not preclude a prisoner from seeking nominal damages. *See Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003); *Mitchell v. Horn*, 318 F.3d 523 (3d Cir. 2003); *Calhoun v. DeTella*, 319 F.3d 936, 941 (7th Cir. 2003); *Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002); *Thompson v. Carter*, 284 F.3d 411, 418 (2d Cir. 2002); *Searles v. Van Bebber*, 251 F.3d 869, 878-79 (10th Cir. 2001). Again, the Fourth Circuit has not addressed this circumstance in a published opinion.

"Interpreting the phrase 'no action shall be brought' to require dismissal of the entire case under . . . § 1997e(e) would contravene our normal rules of statutory construction." *Jones v. Bock*, 549 U.S. ___, 127 S.Ct. 910, 925 (Jan. 22, 2007). Therefore, to the extent that Plaintiff's complaint seeks nominal and punitive damages for the violation of his constitutional rights, he may proceed in this court.

Defendants' motion to dismiss this matter is **denied**. However, Plaintiff's claims for compensatory damages are stricken and dismissed. This matter is re-referred to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 21, 2007

C:\Documents and Settings\Guest\Local Settings\Temp\notesE1EF34\07-28 Green v. Padula e denying motion to dismiss.wpd